UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. ___*12-60205-CR-Marra*___
*(Matthewman)*

18 U.S.C. § 1512(k)
18 U.S.C. § 1621
18 U.S.C. § 981(a)(1)(C)

UNITED STATES OF AMERICA

FILED by _____ D.C.

SEP - 6 2012

STEVEN M. LARIMORE
CLERK U. S. DIST. CT
S. D. of FLA. – FT. LAUD.

v.

EDDY MARIN and
PATRICK DAOUD,

                              Defendants.
_____/

## INDICTMENT

The Grand Jury charges that, at all times relevant to this Indictment:

## GENERAL ALLEGATIONS

1.      Rothstein, Rosenfeldt and Adler, P.A. (hereinafter "RRA") was a law firm with offices located at 401 East Las Olas Boulevard, Fort Lauderdale, Florida, in the Southern District of Florida, and elsewhere.  The law firm employed approximately seventy (70) attorneys and one hundred and fifty (150) staff members and engaged in the practice of law involving a wide range of specialties, including labor, employment, corporate, commercial and personal injury law.

2.      Former Fort Lauderdale attorney Scott W. Rothstein was the Chief Executive Officer and Chairman of RRA.

3.      RRA was utilized by Scott W. Rothstein and co-conspirators to unlawfully obtain money from investors by fraud in connection with an investment scheme commonly known as a Ponzi scheme, in which new investors' funds are utilized to pay previous investors in the absence

of any underlying security, legitimate investment vehicle or other commodity. The Ponzi scheme involved the sale of purported confidential settlements in sexual harassment, discrimination and/or whistle-blower cases. The potential investors were told by Scott W. Rothstein and other co-conspirators that pools of confidential settlements were available for purchase. The purported settlements were allegedly available in blocks ranging from hundreds of thousands to millions of dollars and could be purchased at a discount and repaid to the investors at face value over time. In reality, the settlements did not exist and all defendant and plaintiff names were fabricated.

4.     Scott W. Rothstein used the funds obtained from the Ponzi scheme to purchase tens of millions of dollars of real estate, vehicles, vessels, business interests, luxury watches, jewelry and sports memorabilia for himself, his wife, Kimberly Rothstein, and others.

5.     Scott W. Rothstein was sentenced to 50 years' imprisonment after pleading guilty to Conspiracy to Violate the Racketeering Influenced and Corrupt Organizations Act, Money Laundering and Wire Fraud charges, and ordered to pay over $300 million in restitution. In early November 2009, as part of his plea agreement, Scott W. Rothstein agreed to forfeit to the government all assets acquired with funds derived through the aforesaid Ponzi scheme. On November 9, 2009, agents of the Internal Revenue Service, Criminal Investigations, went to the Rothstein residence, where Kimberly Rothstein assisted the agents in retrieving what was believed to be all of the available cash, jewelry and luxury watches which had previously been purchased by Scott W. Rothstein with proceeds derived from the Ponzi scheme.

6.     In fact, before, during and after the aforesaid seizure by federal agents on November 9, 2009, Kimberly Rothstein, Stacie Weisman and others knowingly took action to conceal certain items of jewelry, valued in excess of one million dollars (hereinafter referred to as "the Missing

2

Jewelry"), for the purpose of preventing the government from exercising its authority to take such property into its lawful custody and control. Thereafter, Kimberly Rothstein, Stacie Weisman and others sold and attempted to sell a portion of the Missing Jewelry to and through various persons, including defendants EDDY MARIN and PATRICK DAOUD. Included among the Missing Jewelry was a 12.08 carat fancy intense yellow diamond ring (hereinafter referred to as "the 12.08 Carat Diamond").

7.      On November 10, 2009, an Involuntary Petition for Relief was filed against RRA in United States Bankruptcy Court for the Southern District of Florida. On November 20, 2009, the Office of the United States Trustee filed a Notice Appointing Herbert Stettin (hereinafter referred to as "Stettin") as Trustee of RRA. On November 25, 2009, RRA consented to the Involuntary Petition for Relief. On November 25, 2009, the Court entered an order ratifying the appointment of Stettin as Trustee in Southern District of Florida Bankruptcy Court Case No. 09-34791-BKC-RBR. On November 30, 2009, the Court entered an Order for Relief on the filing of a Petition for Bankruptcy.

8.      SPD Group, Inc., d/b/a J. R. Dunn Jewelers (hereinafter referred to as "J. R. Dunn") was a Florida corporation with its principal place of business in Broward County, Florida. Between November 2005 and October 2009, J. R. Dunn sold to Scott W. Rothstein certain items of jewelry, including items constituting part of the Missing Jewelry.  In connection with the aforesaid bankruptcy proceedings, Stettin instituted adversary legal proceedings against J. R. Dunn in Southern District of Florida Bankruptcy Court Adv. Case No. 11-2363-BKC-RBR (hereinafter referred to as "the Dunn Bankruptcy Adversary Action"), seeking to recover certain funds from J. R. Dunn which had been paid by Scott W. Rothstein for certain items of jewelry, including the 12.08 Carat Diamond

and other items constituting part of the Missing Jewelry. In connection with those legal proceedings, depositions under oath were taken of various witnesses, including defendants EDDY MARIN and PATRICK DAOUD.

9.      In connection with the proceedings instituted against it by Stettin, J. R. Dunn, through its counsel, attempted to locate the current whereabouts of certain items of jewelry which J. R. Dunn had sold to Scott W. Rothstein, including the 12.08 Carat Diamond and other items constituting part of the Missing Jewelry.

10.      Daoud's, Inc., d/b/a Daoud's Fine Jewelry, was a Florida corporation with its principal place of business in Broward County, Florida. Defendant PATRICK DAOUD was the President of Daoud's, Inc.

## COUNT 1
(Conspiracy to Obstruct Justice, 18 U.S.C. § 1512(k))

1.      The General Allegations section of this Indictment is incorporated by reference as though fully set forth herein.

2.      From in or about November 2009 and continuing through the date of the return of this Indictment, in Broward County, in the Southern District of Florida, and elsewhere, the defendants,

EDDY MARIN and
PATRICK DAOUD,

did knowingly and willfully conspire, confederate and agree, with Kimberly Rothstein and Stacie Weisman, and with other persons known and unknown to the Grand Jury, to commit an offense against the United States, that is, (a) to corruptly conceal an object, and attempt to do so, with the intent to impair that object's availability for use in an official proceeding, and (b) to otherwise

4

obstruct, influence, and impede an official proceeding, and attempt to do so, in violation of Title 18, United States Code, Section 1512(c).

## THE PURPOSE AND OBJECT OF THE CONSPIRACY

3.     The purpose and object of the conspiracy was to conceal the true location and possession of the 12.08 Carat Diamond that was part of the Missing Jewelry and had previously been sold to Scott W. Rothstein by J. R. Dunn, the recovery of which was being sought by J. R. Dunn in connection with actions instituted against J. R. Dunn in an official proceeding, that is, the Dunn Bankruptcy Adversary Action.

## MANNER AND MEANS OF THE CONSPIRACY

It was part of the conspiracy that:

4.     Stacie Weisman would exhibit the 12.08 Carat Diamond to defendant EDDY MARIN in an attempt to have EDDY MARIN sell it on her behalf and on behalf of Kimberly Rothstein.

5.     Defendant EDDY MARIN would photograph the 12.08 Carat Diamond and transmit the image to various persons in an attempt to sell it.

6.     Defendant EDDY MARIN, when deposed in connection with the Dunn Bankruptcy Adversary Action, would falsely testify under oath that he never was shown the 12.08 Carat Diamond by Stacie Weisman.

7.     Defendant EDDY MARIN, when deposed in connection with the Dunn Bankruptcy Adversary Action, would falsely testify under oath that he was shown the 12.08 Carat Diamond by Robert Fuchs, who was deceased and therefore could not contradict the false testimony of defendant EDDY MARIN.

5

8.      Stacie Weisman would sell the 12.08 Carat Diamond to defendant PATRICK DAOUD for $175,000.00.

9.      Defendant PATRICK DAOUD, when deposed in connection with the Dunn Bankruptcy Adversary Action, would falsely testify under oath that he never received the 12.08 Carat Diamond from Stacie Weisman.

10.     Defendant PATRICK DAOUD, when deposed in connection with the Dunn Bankruptcy Adversary Action, would falsely testify under oath that a person other than Stacie Weisman brought the 12.08 Carat Diamond to him.

11.     Defendant PATRICK DAOUD, when deposed in connection with the Dunn Bankruptcy Adversary Action, would falsely testify under oath that he never retained possession of the 12.08 Carat Diamond.

12.     Defendant PATRICK DAOUD, after having falsely testified under oath in the Dunn Bankruptcy Adversary Action that he never received the 12.08 Carat Diamond from Stacie Weisman, did thereafter return the 12.08 Carat Diamond to Stacie Weisman.

All in violation of Title 18, United States Code Section, 1512(k).

### COUNT 2
(Perjury, 18 U.S.C. § 1621)

1.      The General Allegations section of this Indictment, and paragraphs 8 through 12 of Count 1, are incorporated by reference as though fully set forth herein.

2.      On or about November 3, 2011, in Broward County, in the Southern District of Florida, the defendant,

PATRICK DAOUD,

6

did willfully commit perjury by testifying falsely under oath to a material matter during a deposition in the case entitled Herbert Stettin, Chapter 7 Trustee vs. SPD Group, Inc., Adv. Case No. 11-2363-KBC-RBR, United States Bankruptcy Court, Southern District of Florida.

3.    It was material to the case described in paragraph 2 as to:

A.   Whether defendant PATRICK DAOUD ever retained possession of a certain 12.08 Carat Diamond;

B.   Whether the 12.08 Carat Diamond was ever brought to him by one Stacie Weisman; and

C.   Whether Stacie Weisman ever brought to PATRICK DAOUD any jewelry to sell.

4.     Defendant PATRICK DAOUD testified falsely under oath during the proceeding described above in paragraph 2 that:

A.   Defendant PATRICK DAOUD never retained possession of the 12.08 Carat Diamond;

B.   Stacie Weisman never brought defendant PATRICK DAOUD the 12.08 Carat Diamond; and

C.   Stacie Weisman never brought defendant PATRICK DAOUD any jewelry to sell.

5.    The testimony of defendant PATRICK DAOUD as aforesaid was false and perjurious as defendant PATRICK DAOUD well knew.

All in violation of Title 18, United States Code, Section 1621(1).

## COUNT 3
(Perjury, 18 U.S.C. § 1621)

1.    The General Allegations section of this Indictment, and paragraphs 4 through 7 of Count 1, are incorporated by reference as though fully set forth herein.

2.      On or about January 6, 2012, in Broward County, in the Southern District of Florida, the defendant,

EDDY MARIN,

did willfully commit perjury by testifying falsely under oath to a material matter during a deposition in the case entitled Herbert Stettin, Chapter 7 Trustee vs. SPD Group, Inc., Adv. Case No. 11-2363-KBC-RBR, United States Bankruptcy Court, Southern District of Florida.

3.      It was material to the case described in paragraph 2 as to:

A. The identity of the person who had shown to defendant EDDY MARIN a certain 12.08 Carat Diamond;

B. Whether Stacie Weisman had ever discussed with defendant EDDY MARIN the 12.08 Carat Diamond; and

C. Whether Stacie Weisman had ever told defendant EDDY MARIN that she had any diamonds to sell that had belonged to Scott W. Rothstein or Kimberly Rothstein.

4.      Defendant EDDY MARIN testified falsely under oath during the proceeding described above in paragraph 2 that:

A. Defendant EDDY MARIN had been shown the 12.08 Carat Diamond by Robert Fuchs;

B. Stacie Weisman never discussed with defendant EDDY MARIN the 12.08 Carat Diamond; and

C. Stacie Weisman never told defendant EDDY MARIN that she had any diamonds to sell that had previously belonged to Scott W. Rothstein or Kimberly Rothstein.

.

8

5.      The testimony of defendant EDDY MARIN as aforesaid was false and perjurious as defendant EDDY MARIN well knew.

All in violation of Title 18, United States Code, Section 1621(1).

## FORFEITURE
### (18 U.S.C. § 981(a)(1)(C))

1.      The allegations of Count 1 of this Indictment are re-alleged and by this reference fully incorporated herein for the purpose of alleging forfeiture to the United States of America of property in which the defendants have an interest pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure.

2.      Upon conviction of any violation of Title 18, United States Code, Section 1512(k), the defendants shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to the violation pursuant to Title 18, United States Code, Section 981(a)(1)(C), as made applicable by Title 28, United States Code, Section 2461(c).

3.      The property subject to forfeiture shall include, but is not be limited to, the following: a money judgment equal in value to any property traceable to such property and/or any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of any violations of Title 18, United States Code, Section 1512(k) alleged in this Indictment

4.      If any of the forfeitable property described above, as a result of any act and omission of the defendants-

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

9

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as made applicable through Title 18, United States Code, Section 982(b)(1), to seek forfeiture of any other property of defendants up to the value of the above forfeitable property.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), as made applicable by Title 28, United States Code, Section 2461, and the procedures outlined at Title 21, United States Code, Section 853.

A TRUE BILL

∧

FOREPERSON

_____
WIFREDO A. FERRER
UNITED STATES ATTORNEY

_____
PAUL F. SCHWARTZ
ASSISTANT UNITED STATES ATTORNEY

_____
JEFFREY N. KAPLAN
ASSISTANT UNITED STATES ATTORNEY

_____
LAWRENCE D. LaVECCHIO
ASSISTANT UNITED STATES ATTORNEY

10

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA

vs.

**EDDY MARIN and**
**PATRICK DAOUD,**

               **Defendants.**

CASE NO. _____

# CERTIFICATE OF TRIAL ATTORNEY*

**Superseding Case Information:**

**Court Division:** (Select One)

| | | |
|---|---|---|
| ___ Miami | ___ Key West | |
| _x_ FTL | ___ WPB | ___ FTP |

New Defendant(s)         Yes _____ No _____
Number of New Defendants
Total number of counts       _____

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:     (Yes or No)     NO
    List language and/or dialect    _____

4. This case will take   _5_   days for the parties to try.

5. Please check appropriate category and type of offense listed below:

       (Check only one)                         (Check only one)

| | | | | | |
|---|---|---|---|---|---|
| I | 0 to 5 days | X | Petty | | |
| II | 6 to 10 days | | Minor | | |
| III | 11 to 20 days | | Misdem. | | |
| IV | 21 to 60 days | | Felony | X | |
| V | 61 days and over | | | | |

6. Has this case been previously filed in this District Court?  (Yes or No)   NO
   If yes:
   Judge: _____    Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter?     (Yes or No)    _____
   If yes:
   Magistrate Case No. _____
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the _____    District of _____

Is this a potential death penalty case? (Yes or No)     NO

7. Does this case originate from a matter pending in the Northern Region of the U.S. Attorney's Office prior to October 14, 2003?  _____ Yes   X   No

8. Does this case originate from a matter pending in the Central Region of the U.S. Attorney's Office prior to September 1, 2007?  _____ Yes   X   No

_____
LAWRENCE D. LaVECCHIO
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No./Court No. 0305405

*Penalty Sheet(s) attached

REV 4/8/08

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

<u>PENALTY SHEET</u>

**Defendant's Name**:  **PATRICK DAOUD**

**Case No**: _____

<u>**Count #: 1**</u>

  <u>**Conspiracy to Obstruct Justice**</u> _____

   <u>**18 U.S.C. § 1512(k)**</u> _____

**\* Max.Penalty**: _____20 years' imprisonment_____

<u>**Count #: 2**</u>

  <u>**Perjury**</u> _____

   <u>**18 U.S.C. § 1621**</u> _____

<u>**\*Max. Penalty**</u>: _____5 years' imprisonment_____

_____

_____

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## PENALTY SHEET

**Defendant's Name**:  **EDDY MARIN**

**Case No**: _____

**Count #: 1**

 **Conspiracy to Obstruct Justice** _____

  **18 U.S.C. § 1512(k)** _____

**\* Max.Penalty**:              20 years' imprisonment _____

**Count #: 3**

 **Perjury** _____

  **18 U.S.C. § 1621** _____

**\*Max. Penalty**:              5 years' imprisonment _____

_____

_____

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NUMBER: _____

### BOND RECOMMENDATION

DEFENDANT: EDDY MARIN _____

$500,000 Corporate Surety
_____
(Personal Surety) (Corporate Surety) (Cash) (Pre-Trial Detention)

By: _____
AUSA:   LAWRENCE D LaVECCHIO

Last Known Address: _____

_____

_____

What Facility: _____

_____

Agent(s):      SA Taryn M. Guariglia, IRS-CI
(FBI)   (SECRET SERVICE)   (DEA)   (IRS)   (ICE)   (**OTHER**)